**Kurian C. KURIAN, Plaintiff–Appellant,**

v.

**THE CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION, Civil Service Commission, Office of Labor Relations, Defendants–Appellees.**

No. 00–9051.

United States Court of Appeals, Second Circuit.

June 12, 2001.

Kurian C. Kurian, Cochin, India, pro se, appellant.

Grace Goodman, Assistant Corporation Counsel; Michael D. Hess, Corporation Counsel, Larry A. Sonnenschein, Assistant Corporation Counsel, of cousel, New York, NY, for appellee.

Present CABRANES, McLAUGHLIN, Circuit Judges, and COTE, District Judge.*

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal be and it hereby is **DISMISSED.**

Kurian C. Kurian, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York entered on January 6, 2000, dismissing his claims of employment discrimination and retaliation under Title VII, 42 U.S.C. § 2000e *et seq.*, and his claims of due process violations in relation to the notice he received of proceedings concerning his termination. Kurian also appeals from a denial on May 25, 2000,[1] of his motion under Federal Rule of Civil Procedure 59(e) seeking to alter or amend the judgment.[2]

---

* The Honorable Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

1. The docket sheet does not reflect entry of the order denying his motion.

2. Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Appellant submitted three Rule 59(e) motions: the first on January 24, 2000; the second on March 14, 2000; and the third on May 18, 2000. Because a Rule 59(e) motion must be filed no later than ten days after entry of judgment, all of these motions were untimely. All three were denied by the District Court, though not due to untimeliness. After denying the third motion, the District Court granted appellant leave to file a notice of appeal out of time, "[i]n view of the difficulties in communicating by mail between the United States and India," from where appellant is pursuing his claims.

The District Court did not have jurisdiction to grant the extension, and we do not have jurisdiction to consider this appeal. As we have explained, "the timely filing of a motion under Rule 59(e) is jurisdictional prerequisite to tolling the time to file a notice of appeal from a final judgment." *Wight v. Bankamerica Corp.*, 219 F.3d 79, 84 (2d Cir.2000) (internal quotation marks and ellipsis omitted). Because appellant did not timely file his first Rule 59(e) motion—or any of those that followed—the thirty-day period for filing an appeal was not tolled.

Accordingly, this appeal is **DISMISSED**.